# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> **DAVID O. KINGSTON** <br><br> Debtor. | **Bankruptcy Case** <br> **No. 11-40128-JDP** |

_____

| | |
|---|---|
| **SPANISH PALMS MARKETING, LLC and CORUS CONSTRUCTION VENTURE, LLC.,** <br><br> Plaintiffs, <br> vs. <br><br> **DAVID O. KINGSTON,** <br><br> Defendant. | **Adv. Proceeding** <br> **No. 11-8079-JDP** |
| **DAVID O. KINGSTON,** <br><br> Counterclaimant, <br> vs. <br><br> **SPANISH PALMS MARKETING, LLC and CORUS CONSTRUCTION VENTURE, LLC.,** <br><br> Counterdefendants. | |

_____

## ORDER RE JURISDICTION and
## ENTRY of FINAL JUDGMENT

_____

**Appearances:**

**Larry Prince, HOLLAND & HART, Boise, Idaho Attorney for Plaintiffs/ Counter Defendant.**

**Robert Maynes, MAYNES TAGGART, PLLC., Idaho Falls, Idaho, Attorney for Defendant/Counter Plaintiff**

### Introduction

Spanish Palms Marketing, LLC, and Corus Construction Venture, LLC, (collectively "Plaintiffs") initiated this adversary proceeding against chapter 11[1] debtor David Kingston ("Kingston") on September 21, 2011. Dkt. No. 1.  In their complaint, Plaintiffs asserted two exception-to-discharge claims against Kingston, one pursuant to § 523(a)(2)(B), and the other pursuant to § 523(a)(6).  *Id.*  In his response to Plaintiffs' complaint,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

ORDER - 2

Kingston asserted five counterclaims against Plaintiffs, [2] Dkt. No. 6, seeking the following relief: (1) avoidance of a fraudulent transfer pursuant to § 548(a); (2) breach of an implied covenant of good faith and fair dealing; (3) a limit on Plaintiffs' ability to recover under applicable Nevada statutes; (4) an objection to Plaintiffs' creditors' claim in Kingston's bankruptcy case; and (5) a declaratory judgment relating to a dispute between the parties over the language of a contractual guaranty. *Id.* In relation to each of the counterclaims, Kingston seeks an adjustment or elimination of Plaintiffs' claim in his bankruptcy case. *Id.* He also seeks to recover "costs and damages arising as a result of his bankruptcy filing" under the breach of an implied covenant of good faith and fair dealing claim. *Id.*

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), something which none of the parties have disputed. During a December 14, 2011, in-person pre-trial conference, the Court

---

[2] Kingston also asserted a counterclaim for attorneys' fees and costs, as required by Rule 7008. Because of its nature, that counterclaim will be discussed separately.

ORDER - 3

requested counsel for the parties brief the issues of whether the claims and counterclaims asserted in this adversary proceeding are core or noncore proceedings under 28 U.S.C. § 157, and whether this Court has the statutory and constitutional power to enter a final judgment in this action. After considering the parties' submissions, applicable law, and for other good cause, the Court determines as follows:

    1. As required by 28 U.S.C. § 157(b)(3), this Court determines that all claims and counterclaims asserted in this adversary proceeding are core proceedings as defined in 28 U.S.C. § 157(b)(1) and (2).[3] The statutory basis for this determination is as follows:

        A. Both of Plaintiffs' claims seek a "determination[] as to the dischargeability of particular debts." *See* 28 U.S.C. § 157(b)(2)(I).

---

[3] 28 U.S.C. § 157(b)(1) provides:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(2) outlines a non-exhaustive list of "core proceedings."

ORDER - 4

B. Kingston's 11 U.S.C. § 548 counterclaim seeks to avoid any increase in his alleged liability to Plaintiffs within the two years prior to his bankruptcy for no new consideration, and relates to the "allowance or disallowance of claims against the estate," is a "counterclaim[] by the estate against persons filing claims against the estate," is a "proceeding[] to determine, avoid, or recover fraudulent conveyances," and resolution of his claims against Plaintiffs would necessarily require an adjustment of the debtor-creditor relationship between the parties. *See* 28 U.S.C. § 157(b)(2)(B), (C), (H), (O).[4]

---

[4] 28 U.S.C. § 157(b)(2)(B) provides that core proceedings include the

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

Core proceedings under 28 U.S.C. § 157(b)(2)(C) include

> counterclaims by the estate against persons filing claims against the estate;

ORDER - 5

  C. In his breach of an implied covenant of good faith and fair dealing counterclaim, Kingston asserts Plaintiffs' claim as a creditor[5] in Kingston's bankruptcy case should be reduced because Plaintiffs did not act in good faith in dealing with Kingston. It is therefore core pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (O).

  D. If he were to prevail, Kingston's Nevada statutes-related counterclaim would potentially limit or reduce Plaintiffs' claim as a creditor in Kingston's bankruptcy, and it is core pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (O).

---

Under 28 U.S.C. § 157(b)(2)(H), core proceedings include
>proceedings to determine, avoid, or recover fraudulent conveyances;

28 U.S.C. § 157(b)(2)(O) indicates core proceedings include
>other proceedings affecting the liquidate of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except person injury tort or wrongful death claims.

[5] Only one claim was filed in Kingston's bankruptcy case on behalf of Plaintiffs, Claim No. 32, filed by Corus Construction Venture, LLC. Because Plaintiffs continue to jointly assert their claims against Kingston, and to jointly defend against his counterclaims, the Court here refers to the claim as Plaintiffs' claim.

ORDER - 6

E. Kingston objects to allowance of Plaintiffs' claim as a creditor in his bankruptcy case, and asserts a counterclaim to reduce that claim up to the full claim amount. Thus, his claim objection counterclaim is core pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (O).

F. Depending upon the outcome of Kingston's declaratory judgment counterclaim, Plaintiffs' claim as a creditor in Kingston's bankruptcy case could be reduced or eliminated. The counterclaim is core pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (O).

2. The Court may, consistent with the Constitution, enter a final judgment as to any or all of Plaintiffs' claims and Kingston's counterclaims. The basis for this determination is as follows:

A. The Supreme Court's recent decision in *Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594 (2011), does not prohibit a bankruptcy court from entering a final judgment resolving issues under the Bankruptcy Code, which would be completely resolved in the bankruptcy process, or that flow from a federal statutory scheme.

ORDER - 7

*See* 131 S.Ct. at 2611–15. Plaintiffs' exception-to-discharge claims are premised solely on provisions of the Code, will be completely resolved in the bankruptcy process, and the Court has constitutional authority to issue a final judgment in regards to those claims.

B. Bankruptcy courts may issue final judgments on a debtor's counterclaim against a creditor when the "action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern*, 131 S.Ct. at 2618. In addition, a bankruptcy court may issue a final judgment, even where a counterclaim is based on state law, so long as resolution of the counterclaim is necessary to a determination of whether a creditor's claim should be allowed in a bankruptcy case. *See Gugino v. Canyon County (In re Bujak)*, 2011 WL 5326038 *4 (Bankr. D. Idaho Nov. 3, 2011) (interpreting *Stern*, 131 S.Ct. 2594). All of Kingston's non-attorneys' fees counterclaims, even those based on state law, seek a determination of whether Plaintiffs' claim as a creditor should be allowed in his bankruptcy case, and, if so, the extent to which that

ORDER - 8

claim should be allowed.  Because the issues raised by Kingston's counterclaims are so integrally related to the bankruptcy claims allowance process, the Court has constitutional authority to issue a final judgment in each of the counterclaims.

Plaintiffs assert that, inasmuch as Kingston's breach of an implied duty of good faith and fair dealing counterclaim seeks to recover costs and damages, and not just a setoff against their claim, the Court does not have constitutional authority to enter a final judgment regarding the counterclaim.  The Court's consideration of the costs and damages portion of that counterclaim, however, is not that easily isolated.  Rather, the determination of the issues raised by that counterclaim are intricately melded with determining whether Plaintiffs' alleged breach of an implied duty of good faith should reduce or eliminate Plaintiffs' claims in the bankruptcy case.  Because the resolution of the costs and damages issue is tied to the claim allowance issue, the Court has the constitutional authority to decide the costs and damages issue as well.  *See Oxford Expositions*,

claim should be allowed.  Because the issues raised by Kingston's counterclaims are so integrally related to the bankruptcy claims allowance process, the Court has constitutional authority to issue a final judgment in each of the counterclaims.

Plaintiffs assert that, inasmuch as Kingston's breach of an implied duty of good faith and fair dealing counterclaim seeks to recover costs and damages, and not just a setoff against their claim, the Court does not have constitutional authority to enter a final judgment regarding the counterclaim.  The Court's consideration of the costs and damages portion of that counterclaim, however, is not that easily isolated.  Rather, the determination of the issues raised by that counterclaim are intricately melded with determining whether Plaintiffs' alleged breach of an implied duty of good faith should reduce or eliminate Plaintiffs' claims in the bankruptcy case.  Because the resolution of the costs and damages issue is tied to the claim allowance issue, the Court has the constitutional authority to decide the costs and damages issue as well.  *See Oxford Expositions*,

*LLC v. Questex Media Group, LLC (In re Oxford Expositions)*, LLC, 2011 WL 4074028 *9 (Bankr. N.D. Miss. Sept. 13, 2011) ("The *Stern* opinion does not abrogate the authority of a bankruptcy court to enter a judgment on a state law counterclaim that by necessity must be resolved in the process of ruling on the creditor's proof of claim. Consequently, where the two are inextricably tied, the counterclaim could conceivably still be a core proceeding."); *In re Salander O'Reilly Galleries*, 453 B.R. 106, 116–17 (Bankr. S.D.N.Y. 2011).

3.  Even if the Court did not have constitutional power to enter a final judgment as to any of the claims raised by the parties in this adversary proceeding, the parties, in their submissions, have expressly consented to the Court's entry of such judgments.  28 U.S.C. § 157(c)(2) provides that, where the parties consent, a bankruptcy judge may hear and determine, and may enter appropriate orders and judgments, in a proceeding that is, otherwise, only "related to" a bankruptcy case.  In this regard, the *Stern* decision did not alter "the system of final adjudication by consent embodied in [28 U.S.C.] § 157(c)(2)."  *In re Olde Prairie Block Owner*,

ORDER - 10

*LLC*, 457 B.R. 692, 700 (Bankr. N.D. Ill. 2011). Since both Plaintiffs and Kingston have consented to the Court's ability to hear and enter a final judgment disposing of all claims and counterclaims raised in this adversary proceeding, including the "costs and damages" component of Kingston's breach of an implied duty of good faith counterclaim, this consent provides an additional basis for the Court's power to do so.

    4. Both Plaintiffs and Kingston have asserted a right to recover attorneys' fees and costs incurred in this action in prosecuting or defending against the claims and counterclaims, and have expressly consented to the Court's entry of a final judgment regarding those claims to attorneys' fees and costs. The Court, therefore, has authority to do so. *See Yellow Sign, Inc. v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, __ B.R. __, 2012 WL 112192 (Jan. 13, 2012) (deciding that, even where a claim for attorneys' fees would not otherwise fall within a bankruptcy court's constitutional authority, the court can enter a final judgment as to fees where the parties have consented).

    In summary, the Court has subject matter jurisdiction over this

ORDER - 11

action under 28 U.S.C. § 1334(b).  The Court hereby determines that all claims and counterclaims asserted by the parties in this action are core proceedings as defined by 28 U.S.C. § 157(b).  Finally, the Court determines that by statute and/or the express consent of the parties, the Court has the statutory and constitutional power to determine all claims and counterclaims asserted by the parties, and to enter a final judgment.

**IT IS SO ORDERED.**

**Dated: February 27, 2012**

**Honorable Jim D. Pappas**
**United States Bankruptcy Judge**